IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALEIDA GARCIA-ARCE<br><br>PLAINTIFF<br>v.<br><br>MAYAGUEZ MEDICAL CENTER-DR. RAMÓN EMETERIO BETANCES, INC.<br><br>DEFENDANT | CIVIL NO. 13-1231<br><br>RE: AGE DISCRIMINATION IN EMPLOYMENT ACT, LAW NO.100 OF JUNE 30, 1959; LAW NO. 80 OF MAY 30, 1976<br><br>DAMAGES EQUITABLE AND INJUNCTIVE RELIEF<br><br>TRIAL BY JURY |

## COMPLAINT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE COURT:

NOW COMES the Plaintiff, through the undersigned attorney, and very respectfully alleges states and prays:

### INTRODUCTION

1.      ALEIDA GARCIA-ARCE (Garcia or the Plaintiff) brings this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq., seeking damages as a result of the Defendant's discrimination against plaintiff due to her age, and her discharge, in violation of the ADEA, Puerto Rico's Law No. 100 of June 30, 1959, as amended, and Law No. 80 of May 30, 1976.

## **JURISDICTION**

2. Jurisdiction of this action is conferred upon the Court by 29 U.S.C. Sec. 633a (c) and 29 U.S.C. 1132 (e), as well as under 28 U.S.C. 1331.

3. This Court's exercise of supplemental jurisdiction is invoked pursuant to 28 U.S.C. 1367 to hear the Commonwealth law claims because these arose from the same nucleus of operative facts.

4. Venue is proper in this district pursuant to 28 U.S.C. 1391 (b) (1) and (2).

5. All conditions precedent to jurisdiction under 29 U.S.C. 633a and 29 U.S.C. 626 have occurred or have been complied with.

   a. A charge of employment discrimination on the basis of age discrimination was timely filed with the Puerto Rico Department of Labor Anti-Discrimination Unit and the Equal Employment Opportunity Commission ("EEOC"). The charge was filed on October 18, 2011.

   b. After proceedings at the Department of Labor, the parties could not solve their differences.

   c. The EEOC issued Right-to-sue letter in the EEOC charge on January 14, 2013, that was received by plaintiff after January 14, 2013

   d. This complaint is being filed within 90 days of receipt of the "EEOC" right-to-sue letters.

6. All the discriminatory employment practices alleged herein were committed within the Commonwealth of Puerto Rico.

7. Defendant MAYAGUEZ MEDICAL CENTER-DR. RAMÓN EMETERIO

BETANCES, INC. (hereinafter referred to as "MMC") is a corporation duly organized under the laws of the Commonwealth of Puerto Rico.

8. Defendant is a "person" within the meaning of 29 U.S.C. 630 (a).

9. Defendant employs 15 or more employees and is "employer" within the meaning of 29 U.S.C. 630 (b).

10. Defendant is engaged in an industry affecting commerce within the meaning of 29 U.S.C. 630 (h).

11. Defendant is a successor employer of Sistemas Integrados de Salud, Inc. (SISO), Advance Cardiology Center Corporation and of the Commonwealth of Puerto Rico.

## THE NARRATIVE

12. Garcia is 56 years old. Garcia was born on June 29, 1956.

13. Defendant operates a hospital in Mayaguez, PR. This hospital was operated by the Commonwealth of Puerto Rico until approximately the year 2000. In or around 2000, and until approximately 2009, the hospital was operated by Sistemas Integrados de Salud, Inc. (SISO), a private corporation. From 2009 until February 2010, Advance Cardiology Center Corporation operated the hospital. Since February 2010, the hospital has been operated by the defendant. Garcia worked uninterruptedly at this hospital since 1997, when it was under Commonwealth of Puerto Rico's administration, and has kept her seniority since 1997, notwithstanding the changes in administrations.

14. Garcia was always an excellent, capable and dedicated employee. Garcia had an excellent and spotless service record.

15. On August 12, 2011, Garcia was called by the defendant's Human Resources

Director, who informed her that she was discharged without any justification. Garcia asked the Human Resources Director and her supervisor the reason for her termination and both advised they did not know the reason for the termination. Moreover, as stated before, on October 18, 2011 Garcia filed a charge of employment discrimination on the basis of age discrimination with the Puerto Rico Department of Labor Anti-Discrimination Unit and the EEOC. The EEOC requested defendant in multiple times the reason for Garcia's termination and the defendant never responded.

16.     These inconsistencies, the fact that about a month later the defendant hired, not one, but two substantially younger nurses to perform Garcia's duties and the fact that the defendant began to recruit younger personnel, led the EEOC to find reason to believe the violation to ADEA have occurred. Indeed, the defendant contradictorily hired two substantially younger and less-experiences nurses to substitute Garcia. Defendant has hired more than six substantially younger and less-experiences nurses to perform older employees' duties.

17.     Garcia was in the age group protected by the ADEA; she was discharged; at the time of her discharge, she was performing her job at a level that met her employers' legitimate expectations; and she was replaced by a substantially younger employees.

18.     Defendant provided a preferential and disparate treatment to those employees substantially younger than Garcia in terms of benefits and conditions of employment.

19.     Defendant's conduct is the proximate cause of all of Garcia's damages.

## FIRST CAUSE OF ACTION

20.     Garcia repeats and realleges each and every preceding allegation as if fully set herein.

21.    Defendant's conduct against Garcia constitutes discrimination on the basis of age in violation of the ADEA.

22.    As a proximate result of the defendant's discriminatory practices, Garcia has suffered intensely, has been deprived of her means of livelihood and has been emotionally devastated.

23.    Defendant is liable to Garcia for compensatory and emotional damages, back pay, loss of income, salaries and benefits, and she is entitled to be reinstated to her former position, which she held prior to her discriminatory discharge, and/or front pay in lieu of reinstatement until age 70.

## SECOND CAUSE OF ACTION

24.    Garcia  repeats and realleges each and every preceding allegation as if fully set herein.

25.    Defendant's discriminatory conduct constitutes a willful violation of the ADEA and as a result thereof the defendant is  liable to Garcia for liquidated damages.

## THIRD CAUSE OF ACTION

26.    Garcia repeats and realleges each and every preceding allegation as if fully set herein.

27.    Defendant's conduct constitutes discrimination on the basis of age in violation of Law No. 100 of June 30, 1959, as amended and as a result thereof defendant is liable to Garcia for compensatory and double damages.

## FOUTH CAUSE OF ACTION

28. Garcia repeats and realleges each and every preceding allegation as if fully set herein.

29. Garcia was employee in commerce and industry for defendant, for which she worked for compensation under contract without a fixed period of time.

30. Defendant discharged Garcia from her employment in violation of 29 LPRA Section 185a et seq., which entitles her to the approximate amount of $60,000.00.

## TRIAL BY JURY

31. Plaintiff demands that the instant action be tried before a jury.

## PETITION FOR RELIEF

**WHEREFORE,** all premises considered, Plaintiff prays that judgment be entered in her favor and against Defendant including the following relief:

a. An order directing the Defendant to reinstate Garcia to her employment or an award of front pay until age 70 in lieu of reinstatement and to cease and desist of any discriminatory conduct due to his age.

b. Back pay, together with interest.

c. Lost benefits and salaries both, past and future.

d. Severance pay under 29 LPRA Section 185a.

e. An award of liquidated damages equal to twice the back pay lost by Garcia.

f. An award of compensatory damages for the emotional suffering and distress resulting from Defendant discriminatory discharge in an amount not less than $500,000.00.

    g.    An award of double compensatory damages and back pay pursuant to Law No. 100.

    h.    Attorney's fees and costs pursuant to 29 USCA 1132 (g).

    i.    An award of attorney's fees, together with costs and necessary disbursements.

    j.    Any other remedy that this Court may deem just and proper.

RESPECTFULLY SUBMITTED

In San Juan, Puerto Rico, this 20th day of March 2013.

S/Manuel Durán-Rodríguez
MANUEL DURAN-RODRIGUEZ, ESQ.
USDC- PR No.204512
MANUEL DURAN LAW OFFICE
1139 AMERICO MIRANDA AVE.
SAN JUAN, PUERTO RICO 00921
TEL. (787) 781-7373
FAX (787) 781-7771
Mduranlaw@aol.com